

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| LARRY CAMERON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:04-1308-HFF-RSC |
| JO ANNE BARNHART, | § | |
| Commissioner of Social Security, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE, REVERSING DEFENDANT'S
DECISION, AND REMANDING FOR FURTHER PROCEEDINGS**

## I.   INTRODUCTION

This is a Social Security action in which Plaintiff seeks judicial review of the final decision of Defendant, who denied Plaintiff's claim for Disability Insurance Benefits (DIB).  The matter is before the Court for review of the report and recommendation (report) of the United States Magistrate Judge in which he suggests that Defendant's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case be remanded to Defendant for further proceedings.

## II.  STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this Court.  *See Matthews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

### III.     RELEVANT PROCEDURAL HISTORY

The Magistrate Judge filed his report on April 29, 2005.  Defendant timely filed her objections to the report on May 5, 2005.  The Court will address each of the specific objections raised in Defendant's May 5, 2005, submission in turn.

### IV.     DEFENDANT'S OBJECTIONS

*A.     Regarding effect of Plaintiff's bilateral carpal tunnel syndrome*

Defendant argues, in essence, that the Administrative Law Judge (ALJ) was not required to discuss Plaintiff's bilateral carpal tunnel syndrome as long as his decision was based on substantial evidence.  The Court is unpersuaded.

SSR 96-8 provides, in relevant part:

> In assessing [residual functional capacity], the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'  While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim.  For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a 'not severe' impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

In the case at bar, Plaintiff suffers from bilateral carpal tunnel syndrome.  The ALJ, however, neglected to weigh the effects of this impairment.  As aptly observed by the Magistrate Judge, "[w]hile not a severe impairment, the [ALJ] nonetheless was required to consider the effect of the bilateral carpal

tunnel syndrome in combination with . . . [P]laintiff's severe impairments on his residual functional capacity." Thus, since the ALJ failed to apply the proper legal standard, remand is appropriate.

   B. *Regarding hypothetical question to vocational expert (VE)*

Defendant next contends that there was no need to include the limitations caused by Plaintiff's carpel tunnel syndrome in the hypothetical question. The Court disagrees.

Simply stated, the hypothetical questions posed to the VE must incorporate all relevant evidence contained in the record. Accordingly, if, after applying the proper standard, the ALJ finds that Plaintiff has any additional limitations as a result of his carpal tunnel syndrome, the VE must then be presented with a hypothetical question that takes into account the added limitations.

**V. CONCLUSION**

After a thorough review of the report and the record in this case pursuant to the standards set forth above, the Court overrules Defendant's objections, adopts the report to the extent that it does not contradict this Order and incorporates the report herein. Accordingly, it is the judgment of this Court that Defendant's decision be **REVERSED** under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case be **REMANDED** to Defendant for further proceedings consistent with this opinion and the report.

   **IT IS SO ORDERED**.

Signed this 10th day of May, 2005, in Spartanburg, South Carolina.

               s/ Henry F. Floyd
               HENRY F. FLOYD
               UNITED STATES DISTRICT JUDGE